WELCH, J.
| .¿The plaintiff in this case was employed by the East Baton Rouge Parish School Board and incurred an on-the-job injury on September 15, 1992. He received workers’ compensation (temporary total disability) benefits from January 11, 1993 through January 11, 1995. He returned to work in January 1995 at his pre-injury position (bus mechanic) and continued earning his full pre-injury wages, until he was terminated from his employment on September 11, 1998. On October 30, 1998, the plaintiff filed the 1008 disputed claim form seeking supplemental earnings benefits, which forms the basis of this appeal.[1] The workers’ compensation judge granted the defendant’s exception of prescription and dismissed plaintiffs claims. For the following reasons, that judgment is affirmed.
Louisiana Revised Statute 23:1209(A) governs the prescriptive period for claims for supplemental earnings benefits, giving a claimant three years from the date of the *414 last payment of benefits to bring a claim for supplemental earnings benefits.
We have thoroughly reviewed the record and find that the evidence fully supports the workers’ compensation judge’s conclusion that the plaintiffs claim for supplemental earnings benefits was filed more than three years after the date he received his last workers’ compensation benefits payment. Therefore, we affirm the judgment granting the defendant’s exception of prescription and dismissing plaintiffs suit with prejudice.
|3We also note that we thoroughly reviewed the transcript of the hearing in this matter and find that the workers’ compensation judge was more than lenient and generous with the plaintiff, who was unrepresented, by explaining the law and giving plaintiffs claims every benefit of the doubt. On appeal, plaintiff raises nothing new for review, by way of argument or otherwise, which has not already been fully argued and considered by the workers’ compensation judge. It is simply inescapable under the facts of this case, and for the reasons clearly explained at the hearing on the exception, that plaintiffs claim has prescribed.
Therefore, we affirm the judgment of the workers’ compensation judge in accordance with Rule 2-16.2 A(2), (4), and (5) of the Uniform Rules of Louisiana Courts of Appeal. All costs of this appeal are assessed to the plaintiff.
AFFIRMED.

. At the hearing on the exception and again on appeal, the plaintiff makes reference to another 1008 disputed claim form that he asserts was timely filed. The workers’ compensation judge made every effort to ascertain the correctness of plaintiff's assertions, even taking a recess to search the court's records. This search revealed that plaintiff had filed a disputed claim form in 1997, which had been dismissed without prejudice on June 24, 1997. The workers’ compensation judge generously considered, for the sake of argument and giving plaintiff's claims every benefit of the doubt, that even if that claim interrupted prescription, it was not an SEB claim; therefore, plaintiff would have had one year from the date of the dismissal of that claim, or until June 24, 1998, to timely file another claim. Hence, the judge found that even giving plaintiff’s claims the most lenient and generous interpretations, they were, nonetheless, prescribed.